# New York Marine Court.

*Trial Term—February*, 1881.

## IRVING NATIONAL BANK *against* ALONZO DURYEA ET AL.

A bank with whom collaterals are deposited has a right to assume in respect thereto that the parties to a negotiable instrument are liable in the form in which they contract, unless they have notice to the contrary.

McADAM, J.—It is not disputed that the plaintiff advanced $13,000 upon the notes of the defendants, secured by the bonds of the Chesapeake & Ohio Railroad, deposited as collateral by William E. Duryea, the indorser, and that the note in suit of $3,000 was given for the balance due. There was therefore a good consideration for the note. The defendants appeared upon all the notes as makers, and the bank had the right to assume that they were principals, and that William E. Duryea, who deposited the collateral, was, as indorser, their surety. Under the circumstances, the bank owed the defendants no duty in respect to the collaterals, but had the right to treat with their customer and dealer, William E. Duryea, in respect thereto.

The defendants' attempt to charge the plaintiff with notice that they were sureties, failed. Alonzo Duryea could not detail the conversation with Mr. Castree, the former president, at which it was claimed the notice was given, but relied upon his memory as to conclusions, understandings and the like; while Mr. Jewett, the president, who was called by the defendants, positively swears that the bank had no such knowledge or notice. The evidence, coupled with the fact that the defendants, with knowledge of the sale of the collaterals, voluntarily executed the $5,000 note which

was surrendered upon the trial, require that I should find for the plaintiff.

This conduct of the defendants is inconsistent with any breach of duty owing to them by the bank, for, instead of repudiating upon the spot, as they naturally would have done, that which they now term a dishonorable breach of faith, they not only placidly acquiesced in what had been done, but, by acts totally inconsistent with their, present claim, affirmed the course pursued. Judgment is, therefore, ordered for the plaintiff for $1,107.11, the amount claimed and interest, with costs.